Good morning, ladies and gentlemen. Our first case for argument this morning is United States v. Burnett. Mr. Ostertag. Good morning, your honors, and may it please the court. Depronce Burnett was arrested on September 30th of 2021 after police saw drugs in his car. The next day, October 1st, police searched the house that he shared with his wife, Dominique Holston. Burnett spent the next 26 days in jail, and on the 27th of October, police returned to the house and searched it again, this time finding more drugs and the gun that gives rise to this feel. Burnett pleaded guilty to one of the drug charges, and the pre-sentence report prepared by the probation office recommended a two-level sentencing enhancement for a possession of a gun in connection with the offense. But the government objected on the grounds that it could not connect the gun to Burnett by a preponderance of the evidence. Burnett objected on the same grounds, and the probation office thereafter amended the PSR to remove the recommendation. Nevertheless, at sentencing, the district court relied on the gun. It found that the gun itself was a concern, and based on the gun, as well as magazines and ammunition recovered at the house, the court concluded that Burnett posed a risk to the public. Mr. Sure, Your Honor. So I think there's a couple things going on here. The first is that I think it's true that the district court did not make an especially clear factual finding about the gun. It's clear from both the written statement of reasons... But it's a 3553A factor. Does the court have to make a specific factual finding? It wasn't an enhancement, or we'd be in different territory. So that's true, Your Honor, that it is a section 3553A factor. I think that still falls under this court's line of cases about failure adequately to explain a sentence. I think in a situation where the district court... But that's different than making a factual finding. So what are you relying on to say that under 3553A, when you're going through the factors that are enumerated there, the courts have to make specific factual findings? I don't think we've ever said that. So that's true, Your Honor, that this court hasn't directly held that specific factual findings need to be made, but I think in this instance it would have made it somewhat easier for this court to review had the district court made a more specific finding about the gun, because I acknowledge... Maybe that could or is or isn't true, but that doesn't make it erroneous. So let me go back to my question, please. What exactly are you claiming the court relied on that was inaccurate? So the court relied on the presence of the gun that was found in the home on October 27th, and in both the written statement of reasons and in the transcript of the sentencing hearing, you can find this in our appendix at page 29, the court stated that the gun itself was, quote, a concern, close quote. So the court said something a little bit differently. The court said that law enforcement also recovered a gun that his wife indicated belonged to him. That's an accurate statement, correct? That is an accurate statement, Your Honor. And then the court made clear, although not a factor in the guidelines, obviously this too is a concern. Is that what you're claiming is erroneous? That he said it was concerning that law enforcement recovered a gun that his wife indicated belonged to him? So that statement itself is not error, Your Honor. It's true that Dominique Holston indicated that the wife belonged to him and that the gun was recovered in the house. So far, so good. There's no factual error in that, but we think that statement makes clear that the district court was relying at sentencing on not just the magazines and not just the ammunition, but the presence of the gun itself. And what's erroneous about saying obviously this too is a concern. Right. Because I think honing in on it, that's what you're concerned about. Sure. And so that's why we advanced two separate ways of thinking about this problem in our opening brief. The first is that because the gun itself couldn't be connected to Burnett by preponderance of the evidence, that it would be error to rely on the presence of the gun as part of the 3553A factors. But then the second explanation that we couldn't it be connected to the defendant by a preponderance of the evidence, given that it was found in a location with the defendant's drugs and his own wife said it was the defendant's gun. So, Your Honor, the difficulty with that, the principal difficulty that the government based its own objection on below, was that the gun was found nearly a month after Burnett had been taken into custody. And so what? Well, so first, as the... If you hide drugs and guns, perhaps they will escape detection for a while. So... But you're saying that a wife's bald statement, this gun belongs to my husband, could not be viewed by a judge as evidence that the gun belonged to the husband. I don't get it. So, respectfully, Your Honor, that's not quite what I'm trying to say. Our position is that that was insufficient evidence. Not that that couldn't have been... The testimony of a reasonable doubt. So, obviously, it meets the preponderance standard. If your argument instead is that the judge shouldn't have credited the wife's statement, you're in the wrong court. Because we don't review district judges' decisions unless they are, well, the usual word is wacky. And it's not wacky to believe somebody in those circumstances. I don't know where that leaves you. So, Your Honor, where it leaves us is that the government based its objection to the first version of the PSR, created by the probation office, on its view that Holston's uncorrupt... The prosecutors' beliefs do not bind a district judge. Nor do defense counsel's beliefs. We have to go on what the judge did with what evidence was in court. And Judge St. Eve and I have been talking about some of the evidence that was in court. So, that's right, Your Honor. But also, I think two other things are important about this. The first is that, and again, I acknowledge that what the government argued does not bind the district court. But I think it is important that the government did acknowledge this below. And it's that there was no evidence that was independent or corroborative of Holston's statement. It was just a bare... I don't understand that. First, you don't need corroboration for eyewitness testimony. The single testimony of a single convicted felon, this is your classic evidence class hypothetical, can be accepted over the testimony of 20 bishops. Right? You don't need corroboration. But the fact that the defendant was overheard trying to tell his wife how those drugs should be sold on a recorded line in prison certainly sounds like corroboration to me. What's about that, Your Honor? The first is that the October 1st search at least presumptively proved that the gun was not present in the house at that time. So, that is some evidence. It does nothing of the sort. It shows that whether or not the gun was there, it was not found. It does not show that the gun was not there. I mean, this is another basic point about evidence. Evidence of absence is not proof that there was nothing there. So, it's true, Your Honor, that of course there is, you know, some sort of metaphysical doubt remaining about whether the gun was there, but I would emphasize... It's not a question of metaphysical doubt. Something that's hidden may or may not be discovered, and therefore the fact that something is or is not discovered doesn't tell us whether it was hidden. People go looking for gold ore in all sorts of places, and they may miss it for a century before they find it, but that doesn't tell you that it was never there. So, that's true, Your Honor, but what I would emphasize here is that during the October 27th search, the gun wasn't found in one of the hides that was located in the house. There were multiple hides located in the house in which various kinds of drugs were found, and that's not where the gun was found. The gun was found in a laundry basket in Dominique Holston's makeup room. It wasn't hidden at that point. So, that's the first thing I would stress is that, as the Rollerson decision of this court explained, in a situation where there's a bare allegation on the one side and sort of a bare denial on the other, that that leaves the evidence in equipoise, and that that is adequate to reverse in a situation where the preponderance of the evidence is the required standard. So, you think the judge should just ignore both the association to drugs that are obviously the defendant's because he tried to sell them even when he was in prison, and the wife's statement? Yeah, I don't I don't understand how judges ignore these things. You're not disagreeing with the proposition that the statement of a single eyewitness can be proof beyond a reasonable doubt, and therefore proof by a preponderance. That's why I say I don't don't get what's missing here, why it was legally impermissible for the district judge to find the gun connected to the defendant. So, I think all of that is true, Your Honor. You're right that I'm not disagreeing with that proposition, but what I would emphasize is that, like I said, relying on this course Rollerson decision, that the point is that where there is also some evidence to the contrary, then there does become a question. But Rollerson involved an enhancement that does require a preponderance of the evidence finding. Is it your position that the 3553 assessment requires a preponderance of the evidence finding? And if so, what are you basing that on? So, that is our position, Your Honor. This court has recognized, I think in multiple different contexts, in the context of drug quantity and drug weight. But those are enhancements, those are sentencing guidelines, not 3553A. Sure, so I think the major case is a good example of a situation where the preponderance of the evidence was the appropriate standard in a non-guidelines context that had to do with 3553A factors. And there's also the other cases that we said in our reply brief. There's the Krieger case, which is a helpful explanation of why preponderance of the evidence is the relevant standard for all of these sorts of things, guidelines factors and non-guidelines factors alike. Oh, I'm sorry, Your Honor. I see that my time has expired. Thank you, Mr. Ostertag. Thank you, Your Honor. Mr. Anderson. Good morning. The defendant's whole argument here is based on a false premise or a false argument. That the court sentenced based on inaccurate information or a failure to make the findings of fact, that is not true because the court sentenced based on accurate information, particularly because the facts that the court relied on were not objected to by the defendant, by Mr. Burnett. Let's break this down into some very basic principles. First, we start with the correct basic principle, Federal Rule of Criminal Procedure 32I3A, which provides that the court in sentencing may accept undisputed portions of the pre-sentence report as findings of fact. The second principle would be the fact that a guideline enhancement based on facts in a PSR may not be applied to a defendant. It doesn't negate those uncontested facts in the PSR and that's what we have here. What facts do we have? There's no dispute that on October 1st, after Burnett's arrest, when police searched that home the first time, just after his arrest, there were two Smith & Wesson .40 caliber single-stack eight-round magazines found in the home suggesting there had been guns in that home before. There were .40 caliber cartridges, there were two boxes of 9mm ammunition and cartridges in the kitchen, 9mm and .40 caliber ammunition in the kitchen. No dispute was made to those facts, so those facts are given for the court. Then there is no factual dispute that there was in fact a gun in the home on October 27th. The only thing is that the government agreed for purposes of the guideline enhancement 2D1.1B1 that we couldn't prove that Burnett possessed that gun on October 27 because he was in jail. That doesn't mean the gun hadn't been there at some earlier time or how the gun got there, we don't know, but this does not mean that gun did not exist there on October 27 and it does not mean that it did not necessarily play a role in the joint activity with his wife who he was continuing to facilitate from the jail. All these uncontested facts suggest at least the past presence of firearms in the home in an environment where they're dealing drugs presented some concern for public safety that the judge, Judge Conley, may appropriately consider under 3553 and in his reply brief the defendant even concedes that these simple facts were not disputed, but he just thinks they're unimportant facts. The defendant's dispute on appeal then is not with the facts presented at sentencing but with how the court weighed those facts under 3553 and how the court weighs those facts under 3553 is not something the court has to explain by a preponderance of evidence. That's up to the court's discretion. What's the government's position on whether or not facts have to be supported by a preponderance of the evidence under 3553A? Sentence facts, disputed facts at sentencing, I believe whether under the guidelines or even for 3553 if they're disputed facts should be shown by preponderance of the evidence, but how the court weighs those facts is up to the court's discretion and the defendant is mistakenly focusing all attention on the gun on October 27 but the records show, the record of the sentencing shows, Judge Conley was expressing concern about the broader history of the likely possession of firearms in evidence by those magazines found in the home when he was arrested and the various calibers of ammunition found in that first search. There's only one reference to that gun on October 27, one reference on a 30-page transcript about the gun being present along with the ammunition and that single reference in a 30-page transcript clearly shows the gun standing alone was not the basis for the court's concern about dangerousness. It was, as the court says, the ammunition as well. Furthermore, Judge Conley's reference to the dangerousness to the public is not the primary or the material reason for the sentence. In roughly 19 pages of a 30-page transcript, so that's about two-thirds of the sentencing transcript, the judge is focusing on his past history, his lack of employment, his recidivism, his failure to engage in rehabilitation, failure to be deterred, and most importantly to the judge, clearly comes across on that sentencing transcript, is the escalation of Mr. Burnett's trafficking activity. Each time he gets out on a sentence, he escalates his drug trafficking activity even further till he finally ended up in federal court. In contrast to that, let me back up one second here. When you're talking about proving the facts by a preponderance, we've said that a judge can't rely on erroneous facts. Do you think that's the same as saying that the facts need to be proved by a preponderance outside of the enhancement, just something the judge is relying on under 3553? Well, if the defendant is alleging that a fact is erroneous, then we would presume that he would have challenged the fact at sentencing, otherwise we wouldn't be on appeal. So if it was a challenged fact on sentencing, that would have had to been something that judge would particularly have to find by a preponderance of evidence. But if it's uncontested, as we have here, uncontested facts in the PSR, those are given. And this court, in innumerable cases, has said uncontested facts in a PSR, we accept as the court may rely on those as proven. So in contrast, there's only those two brief references to this gun entirely in that transcript. The first is only to say, I'm not going to impose a guideline enhancement for his possession of that gun. And then the second reference is only, it puts it in conjunction with the ammunition being in the house. There's a gun and ammunition and I'm concerned about public safety because of that. But moreover, the written statement of reasons, contrary to the appellate counsel said that the judge mentioned the gun in the statement of reasons, the judge did not mention the gun in the statement of reasons. In record 70 is the statement of reasons and page 6 is where he's referring to this stuff. The only thing the judge says at that point is recovery of the handgun magazines and rounds of ammunition sufficiently show the defendant continued to pose a threat to public safety. He says nothing about the gun in statement of reasons and as this court knows, this court may look to the written statement of reasons in addition to the judge's remarks of sentencing in determining what the judges are relying upon. So basically, in conclusion, as this court has held in the past, mere disagreement with how a court weighs the statutory sentencing factors cannot support a claim of procedural error. Disagreement with weighing his 3553A factors is essentially all that Burnett raises and that does not demonstrate actual procedural error. Since we do not have procedural error here, I ask this court to affirm the judgment. Thank you very much, Mr. Anderson. Mr. Palmer and also Mr. Ostertag, we appreciate your willingness and that of the law school to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement.